IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDM OFFICE SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. H-10-3754 |
| | § | |
| HARTFORD LLOYD'S INSURANCE CO., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.   Background**

This is an insurance dispute arising out of damage caused by Hurricane Ike in September 2008. EDM Office Services, Inc. sued its insurer, Hartford Lloyd's Insurance Company, and the insurance adjusters and adjusting company handling the claim. Hartford did not pay EDM on the claim on the basis that the property damage attributable to the hurricane was either below the deductible or excluded under the policy. EDM sued, asserting claims for breach of contract and extracontractual claims for violations of the Texas Insurance Code, breach of the common law duty of good faith and fair dealing, fraud, and conspiracy to commit fraud. The defendants have moved for summary judgment on the basis that EDM failed to comply with the policy's cooperation clause and with court orders granting Hartford's motion to compel appraisal under the policy. (Docket Entry No. 30). The defendants have also moved for summary judgment on the extracontractual claims, including for fraud. (*Id.*). Finally, the defendants have moved for summary judgment on some of the damages EDM seeks, arguing that, as a matter of law, a corporation may not recover

mental anguish and emotional distress damages. EDM has responded with arguments and summary judgment evidence showing that it did cooperate, and with arguments as to the sufficiency of its evidence of fraud. (Docket Entry No. 33).

Based on the pleadings, the motion and response, the summary judgment evidence, and the applicable law, this court denies the defendants' motion for summary judgment on the breach of contract, fraud, and extracontractual claims, and grants the motion for summary judgment on mental anguish and emotional distress damages. The reasons are explained below.

**II.     The Summary Judgment Standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the

nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### III. The Cooperation Clause

In the "event of loss of or damage to Covered Property," the policy required the insured to "[p]ermit [Hartford] to inspect the property and records proving the loss or damage" and to "[c]ooperate with [Hartford] in the investigation or settlement of the claim." (Docket Entry No. 30-1, at 51). The defendants argue that EDM failed to submit documentation to support its business-income or payroll-expense claim except for an economist's report that conclusorily stated that EDM had lot $9,950 in business income and sustained $7,209 in payroll expenses. The defendants also argue that EDM has failed to cooperate in the appraisal process this court ordered on July 1, 2011. Specifically, the defendants argue, and submit summary judgment evidence showing, that EDM did not designate an appraiser until November 1, 2011; did not respond to November and December emails from Hartford's appraiser; and when there was a response, it did not result in a date for inspection of the property. (Docket Entry No. 30, at 9–11).

3

In response, however, EDM has submitted extensive summary judgment evidence showing that it did not breach the cooperation clause. With respect to providing Hartford the opportunity to inspect the property, EDM points out that an adjustor inspected the property on September 29, 2008 and again in December 2008, while EDM was undertaking the lengthy and burdensome work of evaluating the damage to the inventory (business personal property). (Docket Entry No. 33-3, at 2). With respect to the defendants' assertion that EDM breached its obligation to cooperate by failing to provide information about lost business income and the payroll expense, EDM presents competent summary judgment evidence that it provided the information the defendants sought. (Docket Entry No. 33-6). EDM also presents summary judgment evidence that although there was some delay and miscommunication after the court ordered appraisal in July 2011 in arranging to have the appraisers inspect the property, that inspection occurred in March 2012. (Docket Entry No. 33-5).

The summary judgment record does not show, as the defendants contend, that EDM breached the cooperation clause so as to cause a condition precedent to fail. The defendants' summary judgment motion based on the breach of the cooperation clause is denied.

**IV.   The Extracontractual and Fraud Claims**

The defendants moved for summary judgment as to the extracontractual claims based on the breach of contract claim failing. Because this court has denied the summary judgment motion as to the breach of contract claim, that basis for granting summary judgment on the extracontractual claims fails.

The defendants also argue that there is no evidence raising a fact issue as to fraud. The elements of fraud in Texas are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the

representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). EDM argues that Hartford and the adjusters represented that the damages from the hurricane were not covered by the policy or were less than the deductible, knowing that the covered damages were significantly more. There is also evidence that the adjuster demanded extensive information about the inventory losses without revealing that Hartford had closed its file earlier, claiming that business personal property loss was not covered under the policy. (Docket Entry No. 33-3, at 2–3; Docket Entry No. 33-4). EDM has presented competent evidence that it relied on the statements that Hartford needed the additional information by incurring significant expense and performing extensive work to evaluate the warehouse damages. (Docket Entry No. 33-3, at 3; Docket Entry No. 33-4, at 91–93). Although it is unclear what other detrimental-reliance evidence exists, the record evidence is sufficient to preclude summary judgment.

## V.  Mental Anguish and Emotional Distress Damages

EDM seeks to recover mental anguish and emotional distress damages on some of its claims. The defendants argue that because EDM is a corporation, it cannot recover these types of damages as a matter of law. Texas courts have held that the award of mental anguish or emotional distress damages against a corporation is "inappropriate" because "a corporation is not capable of emotional responses or sufferings of the mind." *Huddleston v. Pace*, 790 S.W.2d 47, 52 (Tex. App.—San Antonio 1990, writ denied); *see also Haygood v. Chandler*, No. 12-02-00239-CV, 2003 WL 22480560, at *6 (Tex. App.—Tyler Oct 31, 2003, pet. denied) (stating that "the trial court correctly

granted summary judgment [on] all . . . claims for intentional infliction of emotional distress because there is no feasible way a professional association, corporation, or partnership can experience mental suffering as a matter of law"). EDM has not cited contrary case law or argued otherwise. The court grants the defendants' motion for summary judgment on damages.

## VI. Conclusion

The defendants' summary judgment motion on the breach of contract, fraud, and extracontractual claims is denied. The defendants' summary judgment motion that the damages sought for mental anguish and emotional distress cannot be recovered is granted.

SIGNED on July 9, 2012, at Houston, Texas.

                                      Lee H. Rosenthal
                                    United States District Judge